**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORDAN EDWARD BRANSCUM,

        Plaintiff - Appellee,

  v.

SAN RAMON POLICE DEPARTMENT;
SCOTT HOLDER, in his official capacity
as Chief of Police of the City of San
Ramon Police Department; CITY OF SAN
RAMON; JONATHAN STEPHENS;
JOSEPH NUNN; T.J. REEDER; PAUL
BURKE; STANLEY SZETO, individually
and as Officers of the City of San Ramon
Police Department,

        Defendants - Appellants.

No. 13-15068

D.C. No. 3:11-cv-04137-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellee Jordan Edward Branscum brought this § 1983 action, alleging that San Ramon Police Department officers subjected him to excessive force in violation of the Fourth Amendment. The individual officers appeal from the denial of their motion for summary judgment based on qualified immunity. We review de novo, *Rodis v. City, Cnty. of S.F.*, 558 F.3d 964, 968 (9th Cir. 2009), and affirm.

1. Branscum led police on a lengthy, late-night, high-speed chase, nearly hit several officers with his van, and endangered the public in various ways. When his van came to a stop after colliding with a pole, the circumstances were extremely threatening for the officers. The spinning tires of the van, which was still running, created a cloud of smoke, and, as far as the officers knew, the van could contain other individuals. Branscum got out of the van, as ordered, and lay on the ground.

The district court held that the officers were not entitled to qualified immunity because of genuine disputes of fact with regard to what occurred next. The officers submitted evidence that, just as Officer Jonathan Stephens sought to place handcuffs on Branscum, Branscum began to resist, and that over the next 80 seconds Stephens and the other officers applied escalating force, including closed-fist strikes and taser applications, to bring Branscum under control. However, the district court held, video footage of those 80 seconds created genuine disputes

2

regarding "whether Mr. Branscum resisted at all and, if so, to what extent he resisted, and whether he started the struggle or was pulled up by Officer Stephens."

Under the doctrine of *Johnson v. Jones*, 515 U.S. 304 (1995) and its progeny, "[a]ny decision by the district court 'that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal'" from the denial of summary judgment based on qualified immunity. *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009)). In other words, "[f]or purposes of the appeal of the denial of immunity, we must 'take, as given, the facts that the district court assumed when it denied summary judgment for [a] (purely legal) reason.'" *Watkins v. City of Oakland*, 145 F.3d 1087, 1091 (9th Cir. 1998) (quoting *Johnson*, 515 U.S. at 319) (second alteration in original). We are therefore bound by the district court's determinations as to the existence of genuine disputes of fact.

*George* rejected the argument that *Scott v. Harris*, 550 U.S. 372 (2007), "implicitly abrogated" *Johnson* and its progeny. *George*, 736 F.3d at 836. "Even accepting for the sake of argument, though, that *Scott*," in light of *Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014), was "meant to establish an exception to the rules for interlocutory review," *George*, 736 F.3d at 835-36, that exception would not apply here. The various video recordings do not provide "dispositive evidence that

3

'blatantly contradict[s]' or 'utterly discredit[s]' [Branscum's] side of the story." *Id*. at 836 (first two alterations in original) (quoting *Scott*, 550 U.S. at 380). Rather, the video footage is, as the district court determined, susceptible to more than one interpretation.

2. We nonetheless do have jurisdiction to consider the officers' qualified immunity appeal. *See Bingue v. Prunchak*, 512 F.3d 1169, 1172-73 (9th Cir. 2008); *Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003). Taking, "as given, the facts that the district court assumed when it denied summary judgment," *Watkins*, 145 F.3d at 1091 (internal quotation marks omitted), we hold that the district court correctly denied qualified immunity.

Each of the individual officers used some of the force involved, and each "participated in an integral way" in the application of considerable force. *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007); *see also id*. at 480 (holding that a jury could find punches unreasonable); *Mattos v. Agarano*, 661 F.3d 433, 446 (9th Cir. 2011) (en banc) (holding that a jury could find use of taser unreasonable).

Because the officers clearly had probable cause to arrest Branscum for serious offenses and he continued to pose a potential threat to the officers after he lay on the ground, the "countervailing governmental interests at stake," *Graham v.*

4

*Connor*, 490 U.S. 386, 396 (1989), would be compelling if Branscum were resisting the officers. The officers argue that their escalating use of force was justified by various acts of resistance; they maintain that Branscum twisted and yanked his arms away, rolled away, reached towards his waistband, thrashed, and kicked. But if the jury concluded that no acts of resistance occurred, the officers' use of force would not be "reasonably justified by the circumstances as [they] claim[]." *Blankenhorn*, 485 F.3d at 480. Thus, on the plaintiff's version of the facts as assumed by the district court, a reasonable jury could conclude there was no need for the officers' substantial use of force – particularly, striking Branscum multiple times and applying tasers to him twice. *See id.* ("[I]t is the *need* for force which is at the heart of the *Graham* factors" (quoting *Liston v. County of Riverside*, 120 F.3d 965, 976 (9th Cir. 1997)) (internal quotation marks omitted)).

Moreover, a jury might conclude that, even if there was no resistance, one or more of the officers "mistakenly[] believed" that Branscum engaged in some of these acts of resistance. *Saucier v. Katz*, 533 U.S. 194, 205 (2001) (observing that "[i]f an officer reasonably, but mistakenly, believed that a suspect was likely to fight back . . . the officer would be justified in using more force than in fact was needed," such that no constitutional violation would have occurred), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). But a jury that

5

concluded that no acts of resistance occurred could also conclude that the officers made no mistake of fact with regard to whether acts of resistance occurred. Further, a jury could conclude, if the officers mistakenly believed some of the acts did occur, they did not reasonably think that the acts signaled resistance.

3.  If a reasonable jury found that the officers used excessive force, the constitutional violation would be clearly established.

> While no prior Supreme Court or circuit case presents facts that are "fundamentally similar" or "materially similar" to those presented here, the salient question is still whether, at the time of the encounter with [Branscum], "the state of the law . . . gave [defendants] fair warning that their alleged treatment of [him] was unconstitutional."

*Blankenhorn*, 485 F.3d at 481 (all but first alteration in original) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).  "[W]e need look no further than *Graham*'s holding that force is only justified when there is a need for force."  *Id*.  The officers were on notice that, absent some *need* for the force at issue in this case, that force was unreasonable.

4.  Branscum argues that we should enter judgment in his favor.  We lack jurisdiction to do so.  We can "exercise . . . jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal" if those issues are "inextricably intertwined" with "other issues properly before the court."  *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (internal

6

quotation marks omitted). "Two issues are not 'inextricably intertwined' if we must apply different legal standards to each issue." *Id*. at 1285. Reversing the district court's denial of Branscum's cross-motion would require us to determine whether there is a genuine dispute as to any material fact, the very determination we are precluded from making with regard to the officers' appeal.

**AFFIRMED.**